IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANA CHAVEZ and REBECCA MACIAS,** **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

vs. No. 5:19-cv-1430

**RAC ACCEPTANCE TEXAS, LLC** **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Ana Chavez and Rebecca Macias (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Meredith Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant RAC Acceptance Texas, LLC ("Defendant"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

6. Plaintiff Chavez ("Chavez") is an individual and resident of Bexar County.

7. Plaintiff Macias ("Macias") is an individual and resident of Bexar County.

8. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

9. Defendant is a foreign limited liability company, headquartered in Plano.

10. Defendant's registered agent for service is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant operates a financing center in San Antonio.

12. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.  FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Chavez was employed by Defendant as an hourly-paid assistant manager from January of 2018 until November of 2019.

16. As an assistant manager, Chavez did not have the authority to hire or fire other employees, nor was particular weight given to her recommendations to hire or fire.

17. Macias was employed by Defendant as an hourly-paid customer service representative from August 2019 until present.

18. Both Plaintiffs' duties primarily involved working with customers, taking payments, and responding to their complaints. Chavez was also responsible for training new employees.

19. Plaintiffs and similarly situated employees were generally scheduled for nine-hour shifts.

20. However, Plaintiffs and similarly situated employees frequently worked more hours than they were scheduled, which went unrecorded and uncompensated.

21. Plaintiffs and similarly situated employees tracked their time using Defendant's timeclock system.

22. Defendant required Plaintiffs' and similarly situated employees' to clock out for a lunch break, even if no lunch break was taken.

23. Defendant frequently reduced Plaintiffs' and similarly situated employees' recorded hours when they worked overtime.

24. In general, Defendant did not allow Plaintiffs and similarly situated employees to be paid for more than two hours of overtime per week, regardless of how many hours they actually worked.

25. Upon information and belief, these off-the-clock hours amounted to approximately eight additional hours per week, per person for which Plaintiffs and similarly situated employees were not compensated.

26. Defendant knew or should have known that Plaintiffs and similarly situated employees were working additional hours for which they were not compensated.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

27. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

28. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

 A. Overtime premiums for all hours worked over forty (40) hours in any week;

 B. Liquidated damages; and

 C. Attorney's fees and costs.

29. Plaintiffs propose the following class under the FLSA:

**All hourly-paid employees who worked more than forty hours in any week within the last three years.**

30. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

31. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

32. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A. They were subject to Defendant's common policy of failing to pay for all hours worked;

    B. Their time was tracked and recorded in the same manner; and

    C. They had substantially similar job duties, requirements, and pay provisions.

33. Plaintiffs are unable to state the exact number of the class but believe that the class exceeds twenty persons.

34. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

35. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

36. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

37. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

38. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

39. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

40. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

41. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

42. Defendant failed to pay Plaintiffs for all hours worked, including failing to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours per week.

43. Defendant knew or should have known that their actions violated the FLSA.

44. Defendant's conduct and practices, as described above, were willful.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

46. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

48. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

49. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

53. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including failing to pay them one and one-half times their regular rate for all hours worked in excess of forty hours per week.

54. Defendant knew or should have known that its actions violated the FLSA.

55. Defendant's conduct and practices, as described above, were willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

57. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, Plaintiffs and the class members are entitled to an award of prejudgment interest at the applicable legal rate.

Page 8 of 10
Ana Chavez, et al. v. RAC Acceptance Texas, LLC
U.S.D.C. (W.D. Tex.) No. 5:19-cv-1430
Original Complaint—Collective Action

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Ana Chavez and Rebecca Macias, individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid compensation under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ANA CHAVEZ and REBECCA MACIAS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Meredith Q. McEntire*
Meredith Q. McEntire
Tex. Bar No. 24105123
meredith@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com